FILED
IN CLERKS OFFICE

2004 SEP 23 P 3:02

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| George Logue | ] | CIVIL ACTION |
|  | ] |  |
|  | ] | CASE NO. <u>1:04-10823</u>-DPW |
| Plaintiff | ] | COMPLAINT FOR DAMAGES |
|  | ] | Civil Rights Violation - |
| v. | ] | Legal Malpractice |
|  | ] | Breach of Contract |
| D. Coppola, Esq. | ] |  |
|  | ] |  |
| Defendant | ] | (UNLIMITED CIVIL CASE) |
|  | ] |  |
|  | ] |  |

Comes now plaintiff with this complaint pursuant to U.S.C. Title 42 and in response to the following civil rights violations.

FIRST CAUSE
(Civil Rights Violation - Legal Malpractice)

Plaintiff alleges:
Parties
1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Defendant Donna Coppola is a registered attorney in the State of Massachusetts, and at all times herein mentioned was engaged in her profession in the City of Cambridge, Massachusetts where on occasion, she works for the Public Defenders Office under the auspices of the Commonwealth of Massachusetts. She has been a familiar figure in the Cambridge District Court where she has provided legal services to clients for several years. Defendant Donna Coppola maintains an office at 1212 Hancock Street, Quincy, MA 02169. Plaintiff is informed and believes, and thereon alleges that the named defendant is responsible in some manner for the occurrences herein alleged, and plaintiffs damages as herein alleged, were proximately caused by her conduct.

Jurisdiction

3. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the governing body of the immediate public office involved. A Copy of the notice is marked in the file as "A." This Court has jurisdiction over this matter pursuant to title 42 U.S.C.S. in so far as defendant Coppola was one, in a series of defendants in which plaintiff's civil rights were violated. By conspiring and then failing to diligently perform her duty, as she had presented herself to plaintiff, under duress, she contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this court with hope of presenting this case to an impartial forum.

Facts

4. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of the false charges brought against him December 14, 2002, by filing proper motions and declarations to show cause, and which proved his innocence. At that time it should have been obvious to defendants, named herein and in related complaints, where plaintiff had not committed any crime, that the alleged claim against him should have been withdrawn. Because it was not, and he had been unable, appearing pro se, to move the case forward, on January 31, 2004, upon being 'reminded' [emphasis added] of his right to counsel, plaintiff conferred with and hired defendant attorney Vakili (please see related case No. 04 - 10822, and 10823). Where defendant Vakili breached her contract over the course of several pretrial hearings, plaintiff was required to plead himself, and finally seek new counsel.

5. On March 28, 2003, at the next pretrial hearing, and after the explicit ruling of defendant Justice Singleton regarding plaintiff's effort to have the false charges dismissed (see related complaint vs. Cambridge District Court), plaintiff spoke with defendant Coppola, another court appointed attorney. She also lead him to believe that his only chance of resolving the matter was through her services. Therefore, defendant Coppola's services were then retained. Plaintiff informed defendant of the events and requested her to inform the Court of his innocence, and instructed her to move for dismissal. Again, despite that request and explicit instructions, defendant Coppola refused to even try to clarify the facts regarding the

2

false arrest, and yet another pretrial hearing was set for April 21, 2003. Following that initial encounter, plaintiff found it nearly impossible to contact defendant Coppola and she refused to return his calls. Then upon finally getting together, a strategy was planned where defendant promised that she would compose a pleading for plaintiff's dismissal at the hearing set for April 21, 2003. Instead, she arrived unprepared and yet another hearing was scheduled for June 3, 2003. Concerned regarding the process to date, plaintiff made repeated telephone calls and left messages specifically requesting defendant be present and prepared to represent him at the hearing of June 3rd. He received no response. Defendant D. Coppola breached her contract by failing to even attend the hearing of June 3, 2003, resulting in another default. As a result of defendant Coppola's malpractice, plaintiff was forced to clear the default himself. Where yet another pretrial hearing was set, plaintiff had to request a third and new counsel.

6. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.

7. Defendant Coppola's negligent actions and omissions violated the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law adopted by the Massachusetts Supreme Judicial Court (SJC Rule 3.07). Further, she aided and abetted in denying plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988). Where the case was eventually dismissed and determined finally in plaintiff's favor, defendant Coppola's omissions, had permitted the case to continue without cause. Defendant Coppola deceptively represented herself to plaintiff, violating the Massachusetts Consumer Protection Act, and breached her contract by failing to carry out instructions and provide services promised. She knowingly, intentionally, and recklessly exacerbated these violations by maliciously and oppressively failing to act on her client's behalf, and then failed to alert him to such effect causing a default. Defendant Coppola did this in order to harass, embarrass, and destroy plaintiff's reputation.

8. Defendant Coppola, and each of her egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable legal services. Her knowledge of the false charges against plaintiff, refusal to assist him as promised, and refusal to answer his repeated requests for her assistance in moving the Court to

3

     dismiss, and which ultimately resulted in a default, each support the charge of legal malpractice against her.
9. As a proximate result of the negligent acts and omissions of defendant Coppola, plaintiff was, deprived of his civil liberties, defamed, cast in a false light, and as a result, was injured his stature, health, and activity.
10. As a further and proximate result of the acts of the defendant, plaintiff suffered embarrassment, humiliation, and an over all loss of respect, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

   1. For general damages according to proof;
   2. For punitive damages according to proof;
   3. For reasonable attorney consulting fees;
   4. For interest and as allowed by law;
   5. For costs of suit herein incurred; and
   6. For such other and further relief as the Court deems proper.

September 23, 2004
     Date

*[signature]*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| George Logue | ] | CIVIL ACTION |
|  | ] |  |
|  | ] | CASE NO. 1:04-10823-DPW |
| Plaintiff | ] | COMPLAINT FOR DAMAGES |
|  | ] | Civil Rights Violation - |
| v. | ] | Malicious Prosecution |
|  | ] |  |
| D. Coppola, Esq. | ] |  |
|  | ] |  |
| Defendant | ] | (UNLIMITED CIVIL CASE) |
|  | ] |  |
|  | ] |  |

SECOND CAUSE
(Civil Rights Violation - Malicious Prosecution)

Plaintiff alleges:

Facts
1. Plaintiff refers to and incorporates, as fully set forth herein, paragraphs 1-10, inclusive, of the First Cause.
2. Defendant Coppola, and in conjunction with the Public Defenders Office and Cambridge District Court, in failing to defend plaintiff, her client, from the false charges and in such a manner, did knowingly conspire so as to continue the legal process without cause. In addition, without attempting to assist him as promised, defendant Coppola further breached her contract and violated plaintiff's civil rights by permitting the case to continue, without argument, each time based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there could not have been any such facts found. Defendant's negligent actions clearly indicate an abuse of process, lending to malicious prosecution on her part. By taking an active part, by omission, and in continuing and procuring the continuation of criminal procedings, though initiated by the MIT police, defendant Coppola violated Restatement (second) Torts § 655 and is subject to the same liability for malicious prosecution as if she initiated the procedings; Mitchell v. City of Boston, 130 F. Supp 2d 201, (2001).

1

3. Defendant's actions and omissions were done so maliciously, for the intent and purpose of hindering, delaying, and preventing the false claim from being dismissed, thus depriving plaintiff of his due process of law, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended.
4. As a proximate result of these negligent acts and omissions of defendant Coppola, plaintiff's civil rights were further deprived, and he suffered additional pain and anguish of the mind. Defendant's conduct injured his stature, health, and activity, and caused him to suffer additional embarrassment and humiliation, all to his damage.

2

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court deem proper.


<u>September 23, 2004</u>
      Date

*[signature]*

```
                                              FILED
                                         IN CLERKS OFFICE
           UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS  2004 SEP 23  P 3:02

                                         U.S. DISTRICT COURT
                              CIVIL ACTION  DISTRICT OF MASS.
```

| | | |
|---|---|---|
| George Logue | ] | |
| | ] | CASE NO. 1:04-10823-DPW |
| Plaintiff | ] | COMPLAINT FOR DAMAGES |
| | ] | Civil Rights Violation - |
| v. | ] | Intentional Infliction |
| | ] | of Emotional Distress |
| D. Coppola, Esq. | ] | |
| | ] | |
| Defendant | ] | (UNLIMITED CIVIL CASE) |
| | ] | |
| | ] | |

THIRD CAUSE
(Civil Rights Violation - Intentional Infliction of Distress)

Plaintiff alleges:

Parties

1. Plaintiff is presently a resident of Middlesex County, Massachusetts.
2. Defendant Donna Coppola is a registered attorney in the State of Massachusetts, and at all times herein mentioned was engaged in her profession in the City of Cambridge, Massachusetts where on occasion, she works for the Public Defenders Office under the auspices of the Commonwealth of Massachusetts. She has been a familiar figure in the Cambridge District Court where she has provided legal services to clients for several years. Defendant Donna Coppola maintains an office at 1212 Hancock Street, Quincy, MA 02169. Plaintiff is informed and believes, and thereon alleges that the named defendant is responsible in some manner for the occurrences herein alleged, and plaintiffs damages as herein alleged, were proximately caused by her conduct.

1

## Jurisdiction

3. Pursuant to Massachusetts General Laws Ch. 258 § 4, notice of this impending claim was presented to the governing body of the immediate public office involved. A Copy of the notice is marked in the file as "A." This Court has jurisdiction over this matter pursuant to title 42 U.S.C.S. in so far as defendant Coppola was one, in a series of defendants in which plaintiff's civil rights were violated. By conspiring and then failing to diligently perform her duty, as she had presented herself to plaintiff, under duress, she contributed to and permitted the Civil Rights violations to continue. Plaintiff beseeches this court with hope of presenting this case to an impartial forum.

## Facts

4. On February 14, 2003, and at other court proceedings through the year of 2003, plaintiff attempted to clear his good name of the false charges brought against him December 14, 2002, by filing proper motions and declarations to show cause, and which proved his innocence. At that time it should have been obvious to defendants, named herein and in related complaints, where plaintiff had not committed any crime, that the alleged claim against him should have been withdrawn. Because it was not, and he had been unable, appearing pro se, to move the case forward, on January 31, 2004, upon being 'reminded' [emphasis added] of his right to counsel, plaintiff conferred with and hired defendant attorney Vakili (please see related case No. 04 - 10822, and 10824). Where defendant Vakili breached her contract over the course of several pretrial hearings, plaintiff was required to plead himself, and finally seek new counsel.

5. On March 28, 2003, at the next pretrial hearing, and after the explicit ruling of defendant Justice Singleton regarding plaintiff's effort to have the false charges dismissed (see related complaint vs. Cambridge District Court), plaintiff spoke with defendant Coppola, another court appointed attorney. She also lead him to believe that his only chance of resolving the matter was through her services. Therefore, defendant Coppola's services were then retained. Plaintiff informed defendant of the events and requested her to inform the Court of his innocence, and instructed her to move for dismissal. Again, despite that request and explicit instructions, defendant Coppola refused to even try to clarify the facts regarding the

2

false arrest, and yet another pretrial hearing was set for April 21, 2003. Following that initial encounter, plaintiff found it nearly impossible to contact defendant Coppola and she refused to return his calls. Then upon finally getting together, a strategy was planned where defendant promised that she would compose a pleading for plaintiff's dismissal at the hearing set for April 21, 2003. Instead, she arrived unprepared and yet another hearing was scheduled for June 3, 2003. Concerned regarding the process to date, plaintiff made repeated telephone calls and left messages specifically requesting defendant be present and prepared to represent him at the hearing of June 3rd. He received no response. Defendant D. Coppola breached her contract by failing to even attend the hearing of June 3, 2003, resulting in another default. As a result of defendant Coppola's malpractice, plaintiff was forced to clear the default himself. Where yet another pretrial hearing was set, plaintiff had to request a third and new counsel.

6. On November 18, 2003, after more than 12 pretrial conferences, the charges against plaintiff were dismissed and the case was therefore determined in plaintiff's favor.

7. Defendant Coppola's negligent actions and omissions violated the Canons of Ethics and Disciplinary Rules Regulating the Practice of Law adopted by the Massachusetts Supreme Judicial Court (SJC Rule 3.07). Further, she aided and abetted in denying plaintiff of his civil liberties by acting under color of state law 42 U.S.C.S. 1983 (1988). Where the case was eventually dismissed and determined finally in plaintiff's favor, defendant Coppola's omissions, had permitted the case to continue without cause. Defendant Coppola deceptively represented herself to plaintiff, violating the Massachusetts Consumer Protection Act, and breached her contract by failing to carry out instructions and provide services promised. She knowingly, intentionally, and recklessly exacerbated these violations by maliciously and oppressively failing to act on her client's behalf, and then failed to alert him to such effect causing a default. Defendant Coppola did this in order to harass, embarrass, and destroy plaintiff's reputation.

8. Defendant Coppola, and each of her egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable legal services. Her knowledge of the false charges against plaintiff, refusal to assist him as promised, and refusal to answer repeated requests for her assistance in moving the Court to

3

dismiss, and ultimately resulting in a default, each support the charge of legal malpractice against her, and all verify her intention to upset him and allow the case to drag on. As a result of defendant's actions and omissions, and failure to assist plaintiff as promised during their meetings, and knowing and observing that her client was becoming distraught as a result of her conduct and behavior, defendant ratified that her behavior, overall was done with the understanding that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to him.

9. As a proximate result of the negligent acts and omissions of defendant Coppola, plaintiff was, deprived of his civil liberties, defamed, cast in a false light, and suffered emotional distress and great pain and anguish of the mind in which his stature, health, and activity were injured.

10. As a further and proximate result of the acts of the defendant, plaintiff suffered embarrassment, humiliation, and an over all loss of respect, all to his damage. Defendant Coppola's actions, as herein alleged, were willful, wanton, malicious, and oppressive, and justify exemplary damages.

4

WHEREFORE, plaintiff prays judgment as follows:

1. For general and punitive damages according to proof;
2. For exemplary damages, with the amount demanded: $ <u>3,000,000.00</u>;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court deems proper.

<u>September 23, 2004</u>
      Date

*[signature: George Joyne]*

5