UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LOGUE,                    )
                                 )
        Plaintiff,               )
                                 )
        v.                       )   Civil Action No. 04-CV-10823-DPW
                                 )
DONNA COPPOLA,                   )
                                 )
        Defendant                )

**AFFIDAVIT OF DONNA COPPOLA**

I, Donna Coppola, being duly sworn do hereby depose and say as follows:

1. I am an attorney licensed before the Commonwealth of Massachusetts.

2. In 2003, I maintained a contract with the Middlesex Defense Attorneys to accept criminal court appointments.

3. The Cambridge District Court assigned me to represent George Logue ("Logue") in a misdemeanor trespass matter at a pre-trial hearing on March 28, 2003. At that time, I met with Logue to discuss his case and obtain background information. Logue provided me with a General Delivery mailing address at a U.S. Post Office and telephone numbers at the Northeastern University library and the library of the federal court house, places Logue claimed he could receive messages.

4. At the March 28 hearing, Logue and I rescheduled his pre-trial hearing for April 11. I reminded Logue of this hearing by letter.

5. Shortly before the April 11 hearing, Logue left a voicemail message at my office saying that he was unable to attend the hearing and asked me to reschedule it. Logue did not ask

me to argue any motion before the court on April 11. I rescheduled the hearing for some time in May, when Logue would be able to attend.

6. After discussing the case further with Logue, we decided that a trial was the best way for Logue to make the arguments he wanted the District Court to hear and ultimately resolve the matter. I asked the District Court to schedule a trial for June 5, 2003. Logue was with me when the trial date was set.

7. Days before the trial, Logue filed a motion on his own to reschedule the trial, without informing me until after he had done so. The District Court heard the motion, and denied it. Logue knew that he had to attend the June 5 trial date or the District Court would enter a default against him.

8. Logue did not appear in District Court on June 5, and the District Court entered a default against him. At that time, I was relieved as court-appointed counsel. I informed Logue about the default and that he needed to remove it in order for his case to proceed, and that he would need to obtain other legal counsel. That was the last time I had any contact with Logue prior to this litigation.

9. I understand that Logue did remove the default and ultimately convinced the District Court to dismiss the charges against him.

Signed subject to the pains and penalties of perjury, this ___ day of October, 2004.


Donna Coppola

00871433