UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GEORGE LOGUE, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　)
　　v. ) Civil Action No. 04-CV-10823-DPW
　　　　　　　　　　　　　　　　　　　　　)
DONNA COPPOLA, )
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendant )

### DEFENDANT DONNA COPPOLA'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Donna Coppola ("Coppola"), the defendant in the above-captioned action, filed a Motion to Dismiss with this Court on October 25, 2004.

2. Simultaneously, Coppola's attorneys sent two copies of the Motion to plaintiff George Logue ("Logue"). The first via certified first-class mail, return receipt requested; and the second via first-class mail. (Affidavit of Douglas Marrano, attached as Exhibit A, at ¶6).

3. Coppola's sole means of sending mail to Logue is at a General Delivery address. General Delivery is a way to send mail to a U.S. Post Office branch that it holds for 30 days, where the named party may receive the correspondence by showing identification. (Id., at ¶5). Coppola's attorney addressed both copies of the Motion to Logue's General Delivery address.

4. The certified copy of Coppola's Motion was returned to Coppola's attorneys on October 28, 2004 without being signed for (Id., at ¶7). Logue refused delivery of the copy Coppola sent via first-class mail as well. Logue refused it on October 28, 2004, and Coppola's attorneys received the Motion back on November 5, 2004. (Id., at ¶8).

5. Logue filed an Opposition of Plaintiff to Motion to Dismiss with this Court on October 27, 2004[1], stating that he had not received a responsive pleading from Coppola, but that any motion to dismiss should be denied because Logue would not receive "due process of review" (Opposition, at ¶1).

6. Logue's opposition is blatantly false in light of Coppola's efforts to provide Logue with the Motion, and Logue's refusal to accept delivery. Coppola took appropriate steps to provide a copy of the Motion to Logue at his only known address. Logue is not represented by counsel, thus sending the Motion to Logue was proper.

7. Logue has no one to blame but himself for not receiving a copy of the Motion. Coppola should not be held responsible when she did everything she could to ensure Logue would receive the Motion. This Court should not entertain any opposition on Logue's part that stems from his own conduct.

---

[1] Logue served a copy of his opposition to Coppola personally, rather than sending it to her attorneys.

Respectfully submitted,

Donna Coppola

By her attorneys,

*Nancy M. Reimer* (DM)
David Hatem, BBO #225700
Nancy M. Reimer, BBO #555373
Douglas M. Marrano, BBO #644030
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500

Dated: November 5, 2004

## Certificate of Service

I, Douglas Marrano, hereby certify that on this 5th day of November, 2004, I have given notice of the above Motion for Leave to Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, by mailing a copy thereof, certified mail, return-receipt requested, to George Logue, General Delivery, Boston, MA 02205.

Douglas Marrano

00874976